**FILED**

MAY 19 2014

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LJUBICA RAJKOVIC,                          )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        Civil Action No.    14-874
                                           )
BARACK OBAMA, *et al.*,                    )
                                           )
                Defendants.                )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

According to plaintiff, "[i]n violation of Article I section 9 paragraph 8 of the Constitution of the United States," Compl. ¶ 6, defendants Alexander Bela Konick and Liz Konick, whom she identifies as "public officers and federal government employees stationed at the Embassy of the United States of America in Belgrade, Serbia, *see id.* ¶ 3, have "accepted from England and its Queen of England Elizabeth II," certain titles of nobility, *id.* ¶ 6. Plaintiff further has alleged that the current and former Secretaries of State and the current United States Ambassador to Serbia "have full professional and personal knowledge of the acceptance of the title[s] of nobility" by the Konicks. *Id.* ¶ 7. Plaintiff brought this action in order to "press[] charges against the defendants for conviction of treason, bribery and other high crimes and misdemeanor[s] punishable under Article II section 4 and Article III section 3 of the Constitution

1

of the United States in reference to its Amendment X and the Declaration of Independence." *Id.*
¶ 8.

"[C]ivil Officers of the United States[] shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors." U.S. Const. art. II, § 4. However, "[o]nly the [United States House of Representatives] may decide whether to investigate, impeach, and prosecute public officials upon allegations that they have committed high crimes or misdemeanors in office." *In re Request for Access to Grand Jury Materials, Grand Jury No. 81-1, Miami,* 833 F.2d 1438, 1445 (11th Cir. 1987); *see United States v. Isaacs,* 493 F.2d 1124, 1141 (7th Cir. 1974) (discussing "textual references to impeachment in the Constitution"). Plaintiff, therefore, cannot initiate an investigation of or impeachment proceedings against the Konicks. Nor can plaintiff initiate criminal proceedings against the Konicks as such authority is vested in the executive branch of the government. *See, e.g., United States v. Nixon,* 418 U.S. 683, 693 (1974) (noting that executive branch has exclusive authority to determine whether to prosecute a criminal case); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (stating that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution").

The Court therefore will dismiss the complaint and this civil action. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 5/19/2014

_____
United States District Judge